IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**MARY JESSICA PAGAN-GARCIA, et al.,**

Plaintiffs,

v.

**LUZ ELINA RODRIGUEZ, et al.,**

Defendants.

Civil No. 14-1385 (DRD)

## OPINION AND ORDER

### *Background*

Plaintiffs Mary Jessica Pagan-Garcia, Luz Irizarry-Maldonado, Ciara Ramos-Torres, Yolanda Santiago, Carmen Caba-Virola and Daisy Irizarry-Hernandez (collectively, "Plaintiffs") filed an *Amended Complaint* on June 6, 2014 (Docket No. 5) against Defendants Luz Elina Rodríguez, Jorge Rivera-Hernández, Puerto Rico Department of Health (collectively, "Government Defendants"), National Building Maintenance Corp., Management Consultants and Computer Services, Laura Tricoche, Blanca Rodríguez, Edwin Cardona and Associates, Edwin Cardona (collectively, "EC&A"), and Genesis Security, all in their official and personal capacities. [1] Plaintiffs allege political discrimination pursuant to Section 1983 of the Civil Rights Act, 42 U.S.C. § 1983; Puerto Rico Law No. 100 of 1959, 29 L.P.R.A. § 146, *et seq.*; Puerto Rico Law 80 of 1976, 29 L.P.R.A. § 185a, *et seq.*; Articles 1802 and 1803 of the Civil Code, 31 L.P.R.A. §5141-5142; and Sections 1, 2, 4, 6, and 7 of Article II of the Constitution of the Commonwealth of Puerto Rico.[2]

---

[1] On January 20, 2015, the Court entered a *Partial Judgment* (Docket No. 75) dismissing Plaintiffs' claims against Defendants Management Consultants and Computer Services, Laura Tricoche and Blanca Rodríguez without prejudice.

[2] The Court has supplemental jurisdiction over Plaintiffs' claims arising under the laws of Puerto Rico pursuant to 28 U.S.C § 1367.

On September 28, 2015, the Court held a Scheduling Conference (Docket No. 95) and  ordered the parties to complete all discovery by August 31, 2016. On October 20, 2016, upon a joint motion for extension of time, the Court extended the parties' discovery timetable until December 15, 2016. On December 12, 2016, Plaintiffs filed a *Motion for Voluntary Dismissal* seeking to dismiss their claims against all Defendants without prejudice (Docket No. 165). Plaintiffs did not provide an explanation for seeking dismissal.

On December 13, 2016, Government Defendants filed their *Response in Opposition* to Plaintiff's Motion for Voluntary Dismissal (Docket No. 166). They argued that Plaintiffs failed to provide a reason for seeking dismissal and, as a consequence, the Court should dismiss the claims with prejudice. Government Defendants averred that they stood to suffer plain legal prejudice if exposed to the prospect of relitigating the instant case. Nevertheless, if the Court were to dismiss the case without prejudice, Government Defendants moved for the imposition of attorney's fees and costs upon Plaintiffs.

On December 20, 2016, Plaintiffs filed a reply to the Government Defendant's response (Docket No. 170). Plaintiffs asseverated they are entitled to dismissal without prejudice because their motion was filed before the close of discovery and before motions for summary judgment were filed. Plaintiffs noted they have zealously pursued their interests from the filing of the complaint. However, Plaintiffs posit that Defendants recently supplemented their initial disclosures and introduced seven (7) new witnesses which increased the costs of litigation and extended discovery. Plaintiffs now claim the escalating costs of litigation have taken an undue toll on their finances and mental states.

On December 21, 2016, Defendants EC&A filed a *Motion for Joinder and Opposition* to Plaintiff's motion (Docket No. 171). EC&A argued that Plaintiffs testified that they had no evidence of wrongdoing by EC&A. Upon receiving this testimony, EC&A purportedly ceased their discovery and began preparing motions for summary judgment. EC&A claims entering a dismissal without prejudice would be a gross miscarriage of justice.

On December 28, 2016, Plaintiffs filed a brief response to EC&A's motion (Docket No. 174). Plaintiffs point out that Defendants EC&A had the testimony purportedly absolving them of all wrongdoing approximately five months ago. Plaintiffs argue that EC&A's choice to begin preparing their motion for summary judgment five months after hearing the exculpatory testimony should not be held against Plaintiffs.[3]

## *Analysis*

Federal Rule of Civil Procedure 41(a)(1) provides for a voluntary dismissal without Court-approval before a "before the opposing party serves either an answer or a motion for summary judgment". Fed. R. Civ. P. 41(a)(1). Once an answer has been filed, Rule 41(a)(2) mandates Court-approval prior to dismissing an action on motion by Plaintiff. *See ITV Direct, Inc. v. Healthy Sols., LLC*, 445 F.3d 66, 70 (1st Cir. 2006); *see also* Fed. R. Civ. P. 41(a)(2)("[after an answer has been filed]…an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."). Although Rule 41(a)(2) provides that dismissals after an answer has been served are generally without prejudice, the Court must ensure "no other party will be prejudiced" prior to dismissing without prejudice. *See Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000)(quoting P*uerto Rico Maritime Shipping Auth. v. Leith,* 668 F.2d 46, 50 (1st Cir.1981).

The Court "should grant a motion for voluntary dismissal unless a defendant can show that it would suffer some plain legal prejudice as a result thereof, as opposed to facing the mere prospect of a second lawsuit." *Cason v. Puerto Rico Elec. Power Auth.*, 770 F.3d 971, 976 (1st Cir. 2014); *see also Colon-Cabrera v. Esso Standard Oil Co. (Puerto Rico)*, 723 F.3d 82, 88 (1st Cir. 2013) ("[A]n abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without

---

[3] Defendants Genesis Security and National Building Maintenance, Co. did not respond to Plaintiffs' motion. Because the applicable terms to respond have elapsed, the Court finds these Defendants have consented to Plaintiffs' request for dismissal without prejudice. *See* PRD Local Rule 7(b) ("Unless within fourteen (14) days after the service of a motion the opposing party files a written objection to the motion, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection.").

prejudice, as opposed to facing the mere prospect of a second lawsuit."). The Court's analysis should be holistic and it should weigh all factors, including "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Doe*, 216 F.3d at 160 (citing *Pace v. Southern Express Co.,* 409 F.2d 331, 334 (7th Cir.1969)); *see also Colon-Cabrera*, 723 F.3d at 89 ("The plaintiff's lack of diligence and the defendant's resulting costs are appropriate factors to consider under Rule 41(a)(2)."). The Court discusses these factors, in turn.

The case at bar was filed over two years ago. The pleading stage concluded roughly one year ago, on September 28, 2015, when the Court held its Scheduling Conference and established all case management deadlines. Plaintiffs filed their motion prior to the close of discovery. Therefore, the case, although filed about two years and six months ago, has not yet advanced past the discovery stage. The parties have, for the most part, been diligent in litigating the case.

The Government Defendants have been diligent in defending their position.  The record reflects they have complied with the deadlines established by the Court and been present at every hearing. While Plaintiffs had to file several motions to compel other defendants to produce requested documents or to comply with Court orders, Government Defendants were apparently collaborative and efficient in conducting discovery.

Defendants EC&A's history in this case is different. They have not been diligent and collaborative in producing documents in discovery. On February 23, 2016, Plaintiffs requested the Court find EC&A in contempt for failing to comply with a February 8, 2016 Court order to produce several documents to Plaintiffs. *See* Docket No. 107. EC&A failed to comply with the Court's orders and the Court eventually imposed a $1,000 sanction upon EC&A (Docket No. 117). Shortly thereafter, on June 6, 2016, Plaintiffs again moved to compel EC&A to produce documents and again moved for sanctions to be imposed upon

EC&A. *See* Docket No. 120. Therefore, while Government Defendants have been compliant at every juncture of the case, EC&A has pussyfooted at times and failed to comply with several deadlines and orders. Further, EC&A's claim of prejudice posed by a dismissal after they have begun preparing their motion for summary judgment holds little weight. EC&A made the decision to prepare their motions five months after receiving the evidence which allegedly relieved them of all liability. Defendants EC&A's decision will not be held against Plaintiffs.

Throughout litigation, Plaintiffs have made a strong effort to move this case along and have pursued their interest zealously. The record reflects that Plaintiffs have been present at every hearing set by the Court, have complied with every deadline, and have conducted extensive documentary discovery. As mentioned above, Plaintiffs moved for sanctions against Defendants EC&A and National Building Management on several occasions for failing to comply with discovery deadlines. Nevertheless, the mounting costs and the time-consuming litigation have worn Plaintiffs economically, and emotionally, thin.

### *Conclusion*

The burden of increasing litigation expenses affects Plaintiffs, who are private citizens, disproportionately in comparison to corporations such as EC&A. That said, although EC&A has borne its own costs and fees, their lack cooperation with discovery requests is partly to blame for the delay of the instant case. Thus, although EC&A would be prejudiced by a granting of Plaintiffs' motion, their actions are partly to blame for the increased costs posed by their discovery squabbles with Plaintiffs.

Like EC&A, the Government Defendants, would be prejudiced by a granting of Plaintiffs' motion. However, the Government Defendants' expenses are covered by the Commonwealth of Puerto Rico, pursuant to Law 9.  See *Sanchez-Velazquez v. Municipality of Carolina*, 2012 WL 5471127, at *3 (D.P.R. 2012)("…this court has not found nor the parties have cited any First Circuit decision indicating that the involvement of the state should favor the denial of a request like the one at bar."). Consequently, the

greatest prejudice Government Defendants stand to suffer is the prospect of litigating this case twice, which is insufficient to constitute plain legal prejudice. See *Cason*, 770 F.3d at 976.[4]

Accordingly, the Court hereby **GRANTS in part** Plaintiffs' Motion for Voluntary Dismissal without Prejudice (Docket No. 165) and **DISMISSES the instant suit WITHOUT PREJUDICE**. The Court hereby **ORDERS Plaintiffs to pay the costs** of Defendants Edwin Cardona, Edwin Cardona & Associates, Luz Elina Rodríguez, Jorge Rivera-Hernández, and Puerto Rico Department of Health pursuant to United States District Court for the District of Puerto Rico's *Taxation of Costs Guidelines*.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of January, 2017.

/s/ Daniel R. Dominguez
DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

---

[4] Although 42 U.S.C. § 1988 provides for an award of "reasonable attorney's fees" to the prevailing party in an action brought under Section 1983, none of the parties "succeeded on any significant issue in litigation which achieves some of the benefit [it] sought in bringing suit," as the rule requires. *Boston's Children First v. City of Boston*, 395 F.3d 10, 14 (1st Cir. 2005)(internal citations and marks omitted). Accordingly, the Court will not award attorney's fees.